# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Myron Jermaine Mosley, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>Whispering Pines Owner, LLC )<br>and FirstOnsite Restoration, Inc. )<br>)<br>Defendants. )<br>)<br>_____ ) | C.A. No. 3:26-cv-00661-MGL<br><br><br>COMPLAINT<br>[JURY TRIAL DEMANDED] |

The Plaintiff, Myron Jermaine Mosley, complaining of the Defendants herein, does respectfully allege as follows:

## **PARTIES**

1.  The Plaintiff, Myron Jermaine Mosley, (hereinafter "Plaintiff") is a resident and citizen of Richland County, South Carolina.

2.  The Plaintiff is informed and believes that Defendant Whispering Pines Owner, LLC (hereinafter "Whispering Pines") is a limited liability company organized and existing by virtue of the laws of the State of Michigan, with its principal place of business in a state other than the State of South Carolina. Upon information and belief, none of its members are citizens and residents of the State of South Carolina.

3.  The Plaintiff is informed and believes that at all relevant times Defendant Whispering Pines Owner, LLC was authorized to conduct business and conducting business within the County of Richland, State of South Carolina.

4. The Plaintiff is informed and believes that Defendant FirstOnsite Restoration, Inc. (hereinafter "FirstOnsite") is a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business in a state other than the State of South Carolina.

5. The Plaintiff is informed and believes that at all relevant times Defendant FirstOnsite Restoration, Inc. was authorized to conduct business and conducting business within the County of Richland, State of South Carolina.

## JURISDICTION AND VENUE

6. Venue is proper in this Judicial District and the Columbia Division pursuant to Local Rule 3.01 DSC and 28 U.S.C. §1391(b)(2) because the negligence and wrongful acts alleged herein occurred in Richland County, South Carolina and within this Division.

7. Plaintiff has suffered damages which exceed $75,000.00, exclusive of interest and costs.

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 and other applicable laws, as the citizenship of Plaintiff is diverse from the citizenship of Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## FACTS

9. On August 17, 2025, Plaintiff was lawfully present as a social guest at Apartment J6 at the Whispering Pines Apartments located at 400 Greenlawn Drive, Columbia, South Carolina 29209.

10. Apartment J6 is located on the second floor of an apartment building at the Whispering Pines Apartments. The apartment unit included a wooden, exterior balcony accessed through a sliding glass door.

11. At approximately 11:20 p.m. on August 17, 2025, Plaintiff was standing on the balcony to Apartment J6 when the balcony suddenly detached from the building and catastrophically collapsed, causing Plaintiff to fall to the ground below:



12. The balcony collapse occurred during the ordinary, intended and foreseeable use of the balcony by Plaintiff.

13. The Plaintiff is informed and believes that the collapse of the balcony was proximately and foreseeably caused by dangerous conditions of the balcony which were latent, concealed, and not open or obvious to residents or their guests.

14. The Plaintiff is informed and believes that the balconies at Whispering Pines Apartments were anchored to non-load bearing walls which were patently insufficient to provide appropriate structural support for the balconies:



15. Plaintiff had no reasonable means of discovering the dangerous condition of the balcony to Apartment J6.

16. At all relevant times, Defendant Whispering Pines owned, operated, managed, and controlled the premises of Whispering Pines Apartments, and was charged with the care, maintenance, upkeep and repair of the premises, including Apartment J6 and the balcony structure.

17. Upon information and belief, Defendant FirstOnsite was, at all relevant times, under contract with Defendant Whispering Pines to perform certain services at the Whispering Pines Apartments, including to maintain, construct, repair, modify and/or renovate aspects of the premises.

18. Upon information and belief, prior to the balcony collapse, Defendant Whispering Pines Apartments had actual knowledge of the structural insufficiency of the balconies at the apartment complex.

19. Upon information and belief, prior to the balcony collapse, Defendant Whispering Pines Apartments had acted upon its actual knowledge of the structural insufficiency of the

4

balconies at the apartment complex by causing some but not all of the balconies to undergo renovations to add structural support.

20.     Plaintiff is informed and believes that Defendant FirstOnsite, prior to the balcony collapse at Apartment J6 and at the request of Defendant Whispering Pines Apartments, did repair, modify and/or renovate certain Whispering Pines balconies and their structural components, to add 4X4 support beams as shown below:



21.     Accordingly, both Defendants were aware of the structural insufficiencies of the unsupported balconies at Whispering Pines Apartments, including Apartment J6, and of the dangers posed by the inadequate support, but failed to remediate and repair the deficiencies complex-wide.

22.     Despite having actual knowledge of the catastrophic risks posed by the structurally deficient balconies, neither Defendant warned the residents of the more than 140 units nor sought by any means to close off access to the balconies for the safety of residents and guests rightfully upon the premises.

23. The collapse of the balcony to Apartment J6 was reasonably foreseeable and preventable through the exercise of and compliance with generally accepted standards of care applicable to assessment, inspection, construction, repair, maintenance, and oversight.

24. Plaintiff is informed and believes that Defendants were exclusively responsible for the assessment, inspection, construction, repair, maintenance, and oversight, relating to the balcony to Apartment J6, before and after the Defendant FirstOnsite's work was performed and before the balcony collapse.

25. As a direct and proximate result of the balcony collapse, Plaintiff Myron Jermaine Mosley suffered severe injuries, including a closed fracture of the right tibia and fibula requiring surgical fixation with permanent hardware, fractures of multiple ribs on the left side, and other serious and permanent injuries.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence)**

26. The Plaintiff re-alleges and reiterates all of the allegations contained in paragraphs 1 through 25, as fully as if repeated herein verbatim.

27. The Plaintiff is informed and believes that Defendant Whispering Pines owed Plaintiff, as a lawful social guest rightfully upon the premises, a duty to refrain from exposing him to latent, concealed, and/or unreasonably dangerous conditions, including structural defects, of which Whispering Pines knew or should have known through the exercise of reasonable care and diligence.

28. The Plaintiff is informed and believes that Defendant Whispering Pines owed Plaintiff, as a lawful social guest rightfully upon the premises, a duty to warn of structural conditions which created an unreasonable risk of harm to him and others rightfully upon the premises.

29. The Plaintiff is informed and believes that Defendant Whispering Pines owed Plaintiff, as a lawful social guest rightfully upon the premises, a duty to maintain the premises so as not to create an unreasonable risk of harm to him and others rightfully upon the premises.

30. The Plaintiff is informed and believes that Defendant Whispering Pines further owed Plaintiff, as a lawful social guest rightfully upon the premises, a duty to exercise reasonable care in managing, maintaining, repairing, and operating the premises, including exterior balconies.

31. The Plaintiff is informed and believes that Defendant Whispering Pines further owed Plaintiff, as a lawful social guest rightfully upon the premises, a duty to exercise reasonable care in the hiring, retention, supervision, and oversight of contractors and agents involved in the assessment, construction, inspection, repair and/or maintenance of the premises.

32. The Plaintiff is informed and believes that Defendant Whispering Pines owed to its residents and their lawful guests a nondelegable duty not to perpetuate and/or create unsafe conditions on the premises.

33. The Plaintiff is informed and believes that Defendant Whispering Pines owed to its residents and their lawful guests a duty to maintain the premises in a fit and habitable condition.

34. The Plaintiff is informed and believes that Defendant Whispering Pines was negligent, willful, wanton, reckless, and/or grossly negligent at the time and place herein described in one or more of the following particulars:

    a. In allowing a dangerously defective and structurally unsound balcony attached to Apartment J6 to remain in service and available for ordinary, foreseeable and intended use by residents and lawful guests despite actual knowledge of its structural deficiency;

b.  In failing to act upon the latent and concealed structural defects in the balcony attached to Apartment J6 and in the mechanism of attachment to the building of which Defendant had actual knowledge or, in the alternative, which would have been revealed through reasonable inspection, assessment, maintenance, and/or oversight;

c.  In failing to properly assess, inspect, monitor, and evaluate the structural integrity of the balcony attached to Apartment J6;

d.  In failing to properly maintain, repair, reinforce, and/or replace the balcony attached to Apartment J6 and its structural components, including but not limited to ledger boards, fasteners, supports, and attachment points;

e.  In allowing improper, inadequate, or substandard materials, fasteners, and/or construction methods that compromised the structural integrity of the balcony attached to Apartment J6 to persist;

f.  In failing to ensure that the balcony attached to Apartment J6 was constructed, repaired, modified, and/or maintained in compliance with applicable building codes, safety regulations, and industry standards;

g.  In failing to warn residents and lawful guests, including Plaintiff, of the existence of a latent and unreasonably dangerous condition of the balcony attached to Apartment J6 of which Defendant knew or should have known existed;

h.  In failing to take reasonable steps to remove all balconies at Whispering Pines Apartments, including the balcony at Apartment J6, from service, restrict access, or otherwise protect residents and their lawful guests from the unreasonable risk of harm they posed;

i.  In negligently hiring, retaining, supervising, and/or overseeing contractors, subcontractors, or agents retained to construct, repair, modify, inspect, and/or maintain the exterior balconies attached to Whispering Pines apartments, including Defendant FirstOnsite;

j.  In failing to require, verify, and/or enforce adequate qualifications, training, supervision, and quality control for contractors or agents performing work affecting the structural integrity of the exterior balconies attached to Whispering Pines apartments;

k.  In failing to obtain, review, and/or comply with required permits, inspections, approvals, and/or certifications related to the construction, repair, and/or modification of the exterior balconies attached to Whispering Pines apartments;

8

  l. In failing to implement reasonable policies and procedures to ensure ongoing inspection, assessment and maintenance of exterior balconies and elevated structures on the premises of Whispering Pines Apartments;

  m. In exposing Plaintiff, a lawful social guest rightfully upon the premises, to a latent, concealed, and unreasonably dangerous structural condition which posed an unreasonable risk of harm and injury;

  n. In failing to act as a reasonably prudent property owner, operator, and manager would have acted under the same or similar circumstances;

  o. In acting with conscious disregard for the safety of residents and lawful guests by allowing a structurally deficient and unreasonably dangerous balcony to remain in use; and

  p. In such other and further acts and/or omissions as may be revealed through discovery undertaken pursuant to the Federal Rules of Civil Procedure.

35. The Plaintiff is informed and believes that Defendant FirstOnsite had actual and/or constructive knowledge of the latent and dangerous conditions of the external balconies at Whispering Pines Apartments, including the Apartment J6 balcony.

36. The Plaintiff is informed and believes that Defendant FirstOnsite owed a duty to residents and their social guests lawfully on the premises of Whispering Pines Apartments to inspect, assess, repair and correct the latent and hidden dangerous conditions of the apartments' external balconies in a reasonably diligent and prudent manner.

37. The Plaintiff is informed and believes that Defendant FirstOnsite owed a duty to residents and their social guests lawfully on the premises of Whispering Pines Apartments to warn them of the latent and hidden dangerous conditions of the apartments' external balconies in a reasonably diligent and prudent manner.

38. The Plaintiff is informed and believes that Defendant FirstOnsite was negligent, willful, wanton, reckless, and/or grossly negligent at the time and place herein described in one or more of the following particulars:

a. In failing to reconstruct, repair, modify, and/or renovate the balcony attached to Apartment J6 despite actual knowledge of its structural deficiency and lack of appropriate support structure;

b. In acting with conscious disregard for the safety of persons lawfully upon the premises by leaving a dangerously defective balcony, the balcony to Apartment J6, in service and accessible by residents and their lawful social guests;

c. In exposing Plaintiff, a lawful social guest rightfully upon the premises, to a latent, concealed, and unreasonably dangerous structural condition of which it had actual knowledge;

d. In failing to ensure that the balcony attached to Apartment J6 and its structural components were properly designed, supported, and securely attached to the building structure;

e. In allowing improper, inadequate, or substandard materials, fasteners, and/or construction methods that compromised the structural integrity of the balcony attached to Apartment J6 to persist;

f. In failing to comply with applicable building codes, safety regulations, and industry standards governing the construction, repair, or modification of residential balconies;

g. In creating or leaving behind latent and concealed structural defects that were neither open nor obvious and could not reasonably be discovered by residents and their lawful guests;

h. In creating or leaving behind latent and concealed structural defects that were unreasonably dangerous to residents and their lawful guests;

i. In failing to act upon the deficient construction and/or attachment of the second-floor residential balconies at Whispering Pines, including the Apartment J6 balcony, which created an unreasonable and foreseeable risk of catastrophic injury to residents and their lawful guests;

j. In failing to conduct adequate inspections, assessments, testing, or quality-control measures to ensure that the balconies at Whispering Pines Apartments, including the Apartment J6 balcony, were structurally sound and safe for their intended and foreseeable use and/or in ignoring the results of such inspections, assessments, testing, or quality-control measures;

  k. In failing to warn Whispering Pines and/or its residents and lawful guests of the structural deficiencies affecting the safety of the Apartment J6 balcony of which it had actual knowledge;

  l. In failing to act as a reasonably prudent contractor specializing in construction, restoration, and/or repair would have acted under the same or similar circumstances; and

  m. In such other acts or omissions as may be revealed through discovery pursuant to the Federal Rules of Civil Procedure.

39. As a direct and proximate result of the negligence, carelessness, willfulness, recklessness, conscious disregard, and/or gross negligence of the Defendants as alleged above, the Plaintiff Myron Jermaine Mosley suffered serious and disabling injuries, including a closed fracture of the right tibia and fibula requiring surgical fixation with permanent hardware, fractures of multiple ribs on his left side and he has suffered and will in the future suffer severe physical pain, scarring, and disfigurement; mental and emotional distress and suffering; costs for medical care, surgeries, rehabilitation, and other medical necessities; lost income; a diminished quality of life; disability; and loss of enjoyment of life, for which he is entitled to a judgment against the Defendants for actual and punitive damages in an amount to be ascertained by the jury at the trial of this case.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual and punitive damages in an amount to be determined by the jury at the trial of this case, for the costs and disbursements of this action, and for such other and further relief as this Honorable Court may deem just and proper.

            *s/Charles W. Whetstone, III*
            Charles W, Whetstone, III, Fed. I.D. No. 11677
            Charles W. Whetstone, Jr., Fed. I.D. No. 4604
            Cheryl F. Perkins, Fed. I.D. No. 4969
            John Eric Fulda, Fed. I.D. No. 7328
            WHETSTONE, PERKINS & FULDA, LLC
            Post Office Box 8086 (20202)

        1620 Gervais Street (29201)
        Columbia, South Carolina
        wwhetstone@attorneyssc.com
        cwhetstone@attorneyssc.com
        cperkins@attorneyssc.com
        jfulda@attorneyssc.com
        Phone (803) 799-9400
        Facsimile (803) 799-2017

        ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina
February 16, 2026